UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKANIYENE WILLIAM ETUK,

                       Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT;
OFFICER FRIAS #30952,

                       Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/2024
```

1:24-CV-4962 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

    Plaintiff Akaniyene William Etuk, of Brooklyn, New York, who is appearing *pro se*, brings this action invoking the court's federal-question jurisdiction, seeking damages, injunctive relief, and declaratory relief. He sues the New York City Police Department ("NYPD") and NYPD Police Officer Frias. The Court understands Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, as well as claims under state law.

    By order dated July 2, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1)(a) dismisses Plaintiff's claims against the NYPD, (b) directs the Clerk of Court to add the City of New York as a defendant, and (c) directs service on the City of New York; and (2) directs the Corporation Counsel of the City of New York to provide Plaintiff and the Court with a correct service address for Police Officer Frias.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**DISCUSSION**

A. **Claims against the NYPD**

The Court must dismiss Plaintiff's claims against the NYPD. The NYPD, which is an agency of the City of New York, is not a separate entity that can be sued. N.Y. City Charter ch.

17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, however, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the City of New York through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

that defendant. The Clerk of Court is further instructed to issue a summons for the City of New York and deliver to the USMS all the paperwork necessary for the USMS to effect service upon the City of New York.

If the complaint is not served on the City of New York within 90 days after the date that the summons for that defendant is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Police Officer Frias**

Plaintiff lists the service address for Police Officer Frias as being the address for the Bronx Family-Criminal Courthouse (ECF 1, at 4), which is likely not the correct service address for Police Officer Frias. Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in providing a defendant's proper service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to provide Police Officer Frias's (Shield No. 30952) service address. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, must ascertain Police Officer Frias's service address. The Corporation Counsel must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Once the Court and Plaintiff receives this information, if necessary, the Court will issue an order directing service on Police Officer Frias.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

For the reasons discussed above, the Court: (1) dismisses Plaintiff's claims against the NYPD, for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); and (2) directs the Clerk of Court to (a) add the City of New York as a defendant, under Rule 21 of the Federal Rules of Civil Procedure, (b) issue a summons for the City of New York, (c) complete a USM-285 form with the service address for the City of New York, and (d) deliver all documents necessary to effect service of the summons and the complaint on the City of New York to the USMS.

The Court also directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 16, 2024
         New York, New York

_____
GREGORY H. WOODS
United States District Judge

**SERVICE ADDRESS FOR THE CITY OF NEW YORK**

The City of New York
Law Department
100 Church Street
New York, New York 10007