# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_AKANIYENE WILLIAM ETUK_

Write the full name of each plaintiff.

_24_ CV _0496 Z_

(Include case number if one has been
assigned)

-against-

_THE CITY OF NEW YORK._

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☒ No

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.



---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_SEE ATTACHED_

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _AKANJYGNE WILLIAM GMK_ is a citizen of the State of
(Plaintiff's name)

_New York_

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _THE CITY OF NEW YORK_ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_THE CITY OF NEW YORK_ .

If the defendant is a corporation:

The defendant, _THE CITY OF NEW YORK_ is incorporated under the laws of

the State of _NEW YORK_

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_AKANIYENE_        _W_        _ETUK_
First Name                Middle Initial        Last Name

_2402_    _ATLANTIC AVENUE #04_
Street Address

_BROOKLYN_              _NY_          _11233_
County, City                          State            Zip Code

_(979) 676-0970_
Telephone Number                          Email Address (if available)

**United States District Court**

**Southern District of New York**

500 Pearl Street

New York, NY 10007

**Akaniyene William Etuk**

2402 Atlantic Avenue

Brooklyn, New York, 11233

awetuk001@gmail.com

1(818) 485-9411 / 1(929) 676-0970

**Pro Se Plaintiff**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Akaniyene William Etuk,**

**Plaintiff,**

v.

**The City of New York,**

**New York City Police Department, et al.,**

**Defendants.**

Case No.: _____

**COMPLAINT**

**Introduction**

1. This is a civil rights action brought by Plaintiff, Akaniyene William Etuk, against officers of the New York City Police Department ("NYPD") for violations of Plaintiff's constitutional rights, including the right to travel, the right to privacy, protection against unreasonable searches and seizures, and violations of the Americans with Disabilities Act ("ADA").

2. Pursuant to New York General Municipal Law Section 50-e, the proper defendant in any legal action involving the NYPD is the City of New York. The City of New York, located at 100 Church Street, New York, NY 10007, is therefore named as the defendant in this lawsuit. Phone: (212) 356-1000. Fax: (212) 356-1148.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (civil action for deprivation of rights).

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

**Parties**

5. Plaintiff, Akaniyene William Etuk, is a resident of Brooklyn, New York, who was at the time of the incident residing in the Bronx, New York.

United State District Court

6.  Defendant, **The City of New York**, is a municipal corporation located at 100 Church Street, New York, NY 10007. The New York City Police Department is an agency of the City of New York.

7.  Defendant Officer Frias, shield number 30952, is an officer of the NYPD involved in the events described herein.

**Facts**

8.  On August 30, 2023, at approximately 6:34 PM, Officer Frias and several other NYPD officers stopped Plaintiff on a train platform without Plaintiff's permission, contractual agreement, or being a crime victim.

9.  Plaintiff was accompanied by a registered service animal providing essential services at the time of the stop. The service animal was registered and vaccinated at the time, and a copy of the service animal registration and vaccination papers are attached as Exhibits B and C, respectively.

10. Officers of the NYPD stopped Plaintiff without a contract, thereby violating Plaintiff's right to travel.

11. Officers of the NYPD, without a contract, forced Plaintiff to identify himself, violating Plaintiff's right to privacy.

12. Officers of the NYPD made legal determinations without possessing a license to practice law.

13. Officers of the NYPD did not show their identification cards to verify themselves as registered policemen.

14. Officers of the NYPD approached Plaintiff with guns, under threat, duress, and coercion, attempting to force Plaintiff to sign an offer of contract (CJTN 70425074/NYSID 16037193M, which was registered and dismissed in court under case #B23637196). A copy of the dismissal certificate is attached as Exhibit A.

15. Officers of the NYPD used excessive force, causing pain and injury, before placing Plaintiff in handcuffs.

16. Officers of the NYPD transported Plaintiff to a different location from his intended point of travel, where Plaintiff's prints were taken without his consent or contractual agreement.

17. Defendants' actions in stopping and arresting Plaintiff and his registered service animal, who was providing essential services at the time, constituted discrimination under the Americans with Disabilities Act (ADA).

18. There is no evidence that these officers signed an oath to "We the People."

19. There is no evidence that these officers are legitimate police or policy enforcers for the original republic.

20. There is no evidence that these officers are not working for a foreign corporation.

**Claims for Relief**

**Count I: Violation of the Right to Travel**

21. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

22. Defendants' actions on August 30, 2023, violated Plaintiff's right to travel freely within the United States.

United State District Court

**Count II: Violation of the Right to Privacy**

23. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

24. Defendants' actions in forcing Plaintiff to identify himself without justification violated Plaintiff's right to privacy.

**Count III: Unauthorized Legal Determinations**

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

26. Defendants made legal determinations without possessing a license to practice law.

**Count IV: Failure to Identify as Police Officers**

27. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

28. Defendants did not show their identification cards to verify themselves as registered policemen.

**Count V: Excessive Force**

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

30. Defendants used excessive force against Plaintiff, causing pain and injury, before placing Plaintiff in handcuffs.

United State District Court

**Count VI: Unlawful Transport and Processing**

31. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

  32. Defendants transported Plaintiff to a different location and processed Plaintiff's prints without his consent or contractual agreement.

**Count VII: Violation of ADA**

33. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

  34. Defendants violated the Americans with Disabilities Act (ADA) by stopping and arresting Plaintiff and his registered service animal, who was providing essential services at the time.

**Count VIII: Violation of Oath to "We the People"**

35. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

  36. Defendants did not sign an oath to "We the People," as required.

**Count IX: Impersonation as Legitimate Police**

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

  38. Defendants are not legitimate police or policy enforcers for the original republic.

**Count X: Employment by a Foreign Corporation**

39. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-20 as though fully set forth herein.

40. Defendants are working for a foreign corporation.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award Plaintiff:

A. One million dollars ($1,000,000.00) for each violation of Plaintiff's constitutional rights, ADA violations, and other legal standards;

B. One million dollars ($1,000,000.00) for each violation involving Plaintiff's service animal;

C. Punitive damages in an amount to be determined at trial;

D. Declaratory relief stating that Defendants' actions violated Plaintiff's constitutional rights, ADA, and other legal standards;

E. Injunctive relief preventing Defendants from engaging in similar conduct in the future;

F. Reasonable attorney's fees and costs of this action;

G. Such other and further relief as the Court deems just and proper.

**Judge Demand**



**Animal Care Centers of NYC**

# Reunification Form

326 East 110th Street
New York NY 10029
212-788-4000

Person ID: 138876
Receipt #: 249314
Receipt Date: 7/12/2023

## Agent / Owner's Details

Person Name: Akaninyene Eink

Person Address: 1923 Mc donald Avenue APT 167
BROOKLYN NY 11223

Home Phone:
Mobile Phone: 818 489 9411

Email: awetuk01@gmail.com

## Animal Details:

| Animal ID | Name | Type | Mixed | Color(1) | Color(2) |
|-----------|------|------|-------|----------|----------|
| 1  176452 | Veillee | Dog | Yes | Black Brown | |
| Gender | Spayed / Neutered | Age | Incoming Date | License fee | |
| Female | No | 3 Years | 6-Jul-2023 | | |

## Reunification Details:

| Item | Amount |
|------|--------|
| | |

## Products / Services:

| Product / Service | Date | Quantity | Price Each |
|-------------------|------|----------|------------|
| Microchip Implantation | | 1 | $0.00 |
| Microchip Implantation | | 1 | $0.00 |
| Bordetella Vaccine | | 1 | $15.00 |
| DA2PP Vaccine | | 1 | $15.00 |
| Dewormer Treatment | | 1 | $12.00 |
| Medical Exam | | 1 | $30.00 |
| NYC Dog Licence, unaltered [LICU] | | 1 | $34.00 |
| Rabies Vaccine | | 1 | $15.00 |
| Restoration/Redemption Fee | | 1 | $3.00 |
| Total products / services fee included in payment details below: | | | $124.00 |

## Payment Details:

| Fee | Amount |
|-----|--------|
| Reunification | $0.00 |
| Dog License | $0.00 |
| Amount Paid | $0.00 |

Notes:
Entered By:456 991311    Printed By:456 991311    Printed On:Jul 12 2023 10:10AM

## Reunification Agreement:

REUNIFICATION CONTRACT



**Animal Care Centers of NYC**

# Agency Receipt

326 East 110th Street
New York NY 10029
212-788-4000

Person ID:  5951
Receipt #:  285399
Receipt Date:  5/25/2024

## Person Details

**Person Name:** Police 52nd Precinct Police 52nd Precinct

**Person Address:** 3016 Webster Avenue
Bronx NY 10467

**Home Phone:**
**Mobile Phone:** 718 220 5811

**Email:**
**Identification Type:**
**ID Number:**

## Animal Details

| Animal ID | Name | Type | | Mixed | Color(1) | Color(2) |
|---|---|---|---|---|---|---|
| 1  153814 | Veillee | Dog | | Yes | Black | Tan |
| Gender | Spayed / Neutered | Age | | Primary Microchip # | Rabies Tag | Date In / Found |
| Female | No | 3 Years 8 Months 3 Weeks (approx) | | 985113005559199 | 23-278818 | 25-May-2024 |

## Payment Details:

| Fee | Amount |
|---|---|
| Amount Paid | $0.00 |

Notes:

Jurisdiction: Bronx

Entered By:1582 992296    Printed By:1582 992296    Printed On:May 25 2024 9:47PM    Entered By User ID:1582

### Conditions:

ACC's Surrender Prevention program can help you keep your pet! This program can provide you with information about free or low-cost veterinary care, pet food, behavior training, and more. Would you like to speak with an Admissions Counselor for more information? _____YES _____NO

**PLEASE CONSIDER CAREFULLY**

ANIMALS SURRENDERED TO ACC ARE CAREFULLY EVALUATED BASED ON AVAILABLE MEDICAL AND BEHAVIOR INFORMATION FOR ADOPTION, TRANSFER TO A RESCUE PARTNER, OR EUTHANASIA (HUMANELY PUT TO DEATH) AT THE SOLE DISCRETION OF ACC.

In consideration of Animal Care Centers of New York City ("ACC") accepting the animal described herein ("this animal"), I understand and agree as follows (please initial each section):

ACC does not guarantee that this animal will be adopted by a member of the public or transferred to a rescue partner. I understand that the length of time the animal may be held and the outcome, including adoption or humane euthanasia, is solely ACC's decision.

ACC may require that questions or other requests regarding the outcome of this animal be made in writing.

If this animal has bitten a person or animal, I will inform ACC.



**Animal Care Centers of NYC**

2336 Linden Boulevard
Brooklyn NY 11208
212-788-4000

## Vet Treatment History

<u>**Owner Details**</u>

**Akaniyene Etuk**
**1923 McDonald Avenue APT 167**
**BROOKLYN NY 11223**

818 485 9411
818 485 9411

<u>**Animal Details**</u>

**Name:** Veilee
**Type:** Dog
**Mixed:** Yes
**Color(1):** Unknown (update later)
**Gender:** Female
**Spayed / Neutered:** Unknown
**Age:** 10 Months

This is to confirm that our records show that the animal described above has had the following vaccinations and treatments administered:

| | Vet Treatment Type | Date Given | Type | Expiration Date | Route Of Admin | Result | Vet | License # |
|---|---|---|---|---|---|---|---|---|
| **1** | Rabies Vaccine | 22-Oct-2022 | Killed | | | | VET-P 991234 | NY-010887 |

| | Vet Treatment Type | | Due Date |
|---|---|---|---|
| 1 | Rabies Vaccine | | 22-Oct-2023 |

Vet Signature:

Dr. Michelle Lugones

Date: 10/22/2022 1:19:00 PM



Certificate #: U-000010018-F



# BRONX CRIMINAL COURT

### FEE
**Non-Public Version**

265 E 161 Street, Bronx, NY 10451

Court ORI: NY062033J

The People of the State of New York
vs.
**Akaniyene W. Etuk**

**Certificate of Disposition**
Docket Number: **CR-020431-23BX**

CJTN: 70425074M
NYSID: 16037193M

Defendant DOB: **01/08/1977**

Arrest Date: **08/30/2023**        Arraignment Date: **09/19/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |
| 2 | PL 140.10 0A BM Crim Trespass 3rd:Enclsd Prop **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |
| 3 | PL 140.05 V Trespass **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |
| 4 | PL 240.20 01 V Dis/Con:Fight/Violent Behavior **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **January 19, 2024**        _____
                                    Chief Clerk/Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Charges may not be the same as the original arrest charges.

United State District Court

Plaintiff demands a trial by a judge on all issues so triable.

**Exhibits**

- Exhibit A: Copy of Dismissal Certificate

- Exhibit B: Copy of Service Animal Registration

- Exhibit C: Copy of Service Animal Vaccination Papers

Dated: //_____

**Respectfully submitted,**

Akaniyene William Etuk

Plaintiff, Pro Se

2402 Atlantic Avenue

Brooklyn, New York, 11233

awetuk001@gmail.com

1(818) 485-9411 / 1(929) 676-0970

United States District Court

Southern District of New York

500 Pearl Street

New York, NY 10007

**Akaniyene William Etuk**

2402 Atlantic Avenue

Brooklyn, New York, 11233

awetuk001@gmail.com

1(818) 485-9411 / 1(929) 676-0970

**Pro Se Plaintiff**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Akaniyene William Etuk,**

Plaintiff,

v.

**New York City Police Department, et al.,**

Defendants.

**Case No.:** _____

**COMPLAINT**

Etuk  1 of 8

**Introduction**

1.  This is a civil rights action brought by Plaintiff, Akaniyene William Etuk, against officers of the New York City Police Department ("NYPD") for violations of Plaintiff's constitutional rights, including the right to travel, the right to privacy, protection against unreasonable searches and seizures, and violations of the Americans with Disabilities Act ("ADA").

**Jurisdiction and Venue**

2.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (civil action for deprivation of rights).

3.  Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

**Parties**

4.  Plaintiff, Akaniyene William Etuk, is a resident of Brooklyn, New York who was at the time of incident residing in the Bronx, New York .

5.  Defendant, New York City Police Department, is a municipal agency located at 1 Police Plaza, New York, NY 10038.

6.  Defendant Officer Frias, shield number 30952, is an officer of the NYPD involved in the events described herein.

**Facts**

7. On August 30, 2023, at approximately 6:34 PM, Officer Frias and several other NYPD officers stopped Plaintiff on a train platform without Plaintiff's permission, contractual agreement, or being a crime victim.

8. Plaintiff was accompanied by a registered service animal providing essential services at the time of the stop. The service animal was registered and vaccinated at the time, and a copy of the service animal registration and vaccination papers are attached as Exhibits B and C, respectively.

9. Officers of the NYPD stopped Plaintiff without a contract, thereby violating Plaintiff's right to travel.

10. Officers of the NYPD, without a contract, forced Plaintiff to identify himself, violating Plaintiff's right to privacy.

11. Officers of the NYPD made legal determinations without possessing a license to practice law.

12. Officers of the NYPD did not show their identification cards to verify themselves as registered policemen.

13. Officers of the NYPD approached Plaintiff with guns, under threat, duress, and coercion, attempting to force Plaintiff to sign an offer of contract (CJTN 70425074/NYSID 16037193M, which was registered and dismissed in court under case #B23637196). A copy of the dismissal certificate is attached as Exhibit A.

14. Officers of the NYPD used excessive force, causing pain and injury, before placing Plaintiff in handcuffs.

15. Officers of the NYPD transported Plaintiff to a different location from his intended point of travel, where Plaintiff's prints were taken without his consent or contractual agreement.

16. Defendants' actions in stopping and arresting Plaintiff and his registered service animal, who was providing essential services at the time, constituted discrimination under the Americans with Disabilities Act (ADA).

17. There is no evidence that these officers signed an oath to "We the People."

18. There is no evidence that these officers are legitimate police or policy enforcers for the original republic.

19. There is no evidence that these officers are not working for a foreign corporation.

**Claims for Relief**

**Count I: Violation of the Right to Travel**

20. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

21. Defendants' actions on August 30, 2023, violated Plaintiff's right to travel freely within the United States.

**Count II: Violation of the Right to Privacy**

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

23. Defendants' actions in forcing Plaintiff to identify himself without justification violated Plaintiff's right to privacy.

**Count III: Unauthorized Legal Determinations**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

25. Defendants made legal determinations without possessing a license to practice law.

**Count IV: Failure to Identify as Police Officers**

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

27. Defendants did not show their identification cards to verify themselves as registered policemen.

**Count V: Excessive Force**

28. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

29. Defendants used excessive force against Plaintiff, causing pain and injury, before placing Plaintiff in handcuffs.

**Count VI: Unlawful Transport and Processing**

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

31. Defendants transported Plaintiff to a different location and processed Plaintiff's prints without his consent or contractual agreement.

**Count VII: Violation of ADA**

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

33. Defendants violated the Americans with Disabilities Act (ADA) by stopping and arresting Plaintiff and his registered service animal, who was providing essential services at the time.

**Count VIII: Violation of Oath to "We the People"**

34. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

35. Defendants did not sign an oath to "We the People," as required.

**Count IX: Impersonation as Legitimate Police**

36. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

37. Defendants are not legitimate police or policy enforcers for the original republic.

**Count X: Employment by a Foreign Corporation**

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 as though fully set forth herein.

39. Defendants are working for a foreign corporation.

**Prayer for Relief**

ETuk 6 oF 6

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award Plaintiff:

A. One million dollars ($1,000,000.00) for each violation of Plaintiff's constitutional rights, ADA violations, and other legal standards;

B. One million dollars ($1,000,000.00) for each violation involving Plaintiff's service animal;

C. Punitive damages in an amount to be determined at trial;

D. Declaratory relief stating that Defendants' actions violated Plaintiff's constitutional rights, ADA, and other legal standards;

E. Injunctive relief preventing Defendants from engaging in similar conduct in the future;

F. Reasonable attorney's fees and costs of this action;

G. Such other and further relief as the Court deems just and proper.

**Judge Demand**

Plaintiff demands a trial by a judge on all issues so triable.

**Exhibits**

- Exhibit A: Copy of Dismissal Certificate
- Exhibit B: Copy of Service Animal Registration
- Exhibit C: Copy of Service Animal Vaccination Papers

Dated: _____/_____/_____

Respectfully submitted,

_____

Akaniyene William Etuk

Plaintiff, Pro Se

2402 Atlantic Avenue

Brooklyn, New York, 11233

awetuk001@gmail.com

1(818) 485-9411 / 1(929) 676-0970

Etuk 8 OF 8



**Animal Care Centers of NYC**

# Reunification Form

326 East 110th Street
New York NY 10029
212-788-4000

| | |
|---|---|
| Person ID: 138876 |
| Receipt #: 249314 |
| Receipt Date: 7/12/2023 |

## Agent / Owner's Details

**Person Name:** Akaninyene Eink

**Person Address:** 1923 Mc donald Avenue APT 167
BROOKLYN NY 11223

**Home Phone:**
**Mobile Phone:** 818 489 9411

**Email:** awetuk01@gmail.com

## Animal Details:

| | Animal ID | Name | Type | Mixed | Color(1) | Color(2) |
|---|---|---|---|---|---|---|
| 1 | 176452 | Veillee | Dog | Yes | Black Brown | |
| | **Gender** | **Spayed / Neutered** | **Age** | **Incoming Date** | **License fee** | |
| | Female | No | 3 Years | 6-Jul-2023 | | |

## Reunification Details:

| Item | Amount |
|---|---|

## Products / Services:

| Product / Service | Date | Quantity | Price Each |
|---|---|---|---|
| Microchip Implantation | | 1 | $0.00 |
| Microchip Implantation | | 1 | $0.00 |
| Bordetella Vaccine | | 1 | $15.00 |
| DA2PP Vaccine | | 1 | $15.00 |
| Dewormer Treatment | | 1 | $12.00 |
| Medical Exam | | 1 | $30.00 |
| NYC Dog Licence, unaltered [LICU] | | 1 | $34.00 |
| Rabies Vaccine | | 1 | $15.00 |
| Restoration/Redemption Fee | | 1 | $3.00 |
| Total products / services fee included in payment details below: | | | $124.00 |

## Payment Details:

| Fee | Amount |
|---|---|
| Reunification | $0.00 |
| Dog License | $0.00 |
| Amount Paid | $0.00 |

**Notes:**
**Entered By:** 456 991311    **Printed By:** 456 991311    **Printed On:** Jul 12 2023 10:10AM

## Reunification Agreement:

REUNIFICATION CONTRACT



**Animal
Care Centers
of NYC**

## Agency Receipt

326 East 110th Street
New York NY 10029
212-788-4000

| Person ID: | 5951 |
|---|---|
| Receipt #: | 285399 |
| Receipt Date: | 5/25/2024 |

### Person Details

Person Name:    Police 52nd Precinct Police 52nd Precinct

Person Address:    3016 Webster Avenue
Bronx NY 10467

Home Phone:

Mobile Phone:    718 220 5811

Email:

Identification Type:

ID Number:

### Animal Details

| | Animal ID | Name | Type | | Mixed | Color(1) | Color(2) |
|---|---|---|---|---|---|---|---|
| 1 | 153814 | Veillee | Dog | | Yes | Black | Tan |
| | Gender | Spayed / Neutered | Age | | Primary Microchip # | Rabies Tag | Date In / Found |
| | Female | No | 3 Years 8 Months 3 Weeks (approx) | | 985113005559199 | 23-278818 | 25-May-2024 |

### Payment Details:

| Fee | Amount |
|---|---|
| | **Amount Paid** |
| | $0.00 |

Notes:

Jurisdiction: Bronx

Entered By:1582 992296    Printed By:1582 992296    Printed On:May 25 2024 9:47PM    Entered By User ID:1582

### Conditions:

**ACC's Surrender Prevention program can help you keep your pet! This program can provide you with information about free or low-cost veterinary care, pet food, behavior training, and more. Would you like to speak with an Admissions Counselor for more information? _____YES _____NO**

**PLEASE CONSIDER CAREFULLY**

ANIMALS SURRENDERED TO ACC ARE CAREFULLY EVALUATED BASED ON AVAILABLE MEDICAL AND BEHAVIOR INFORMATION FOR ADOPTION, TRANSFER TO A RESCUE PARTNER, OR EUTHANASIA (HUMANELY PUT TO DEATH) AT THE SOLE DISCRETION OF ACC.

In consideration of Animal Care Centers of New York City ("ACC") accepting the animal described herein ("this animal"), I understand and agree as follows (please initial each section):

ACC does not guarantee that this animal will be adopted by a member of the public or transferred to a rescue partner. I understand that the length of time the animal may be held and the outcome, including adoption or humane euthanasia, is solely ACC's decision.

ACC may require that questions or other requests regarding the outcome of this animal be made in writing.

If this animal has bitten a person or animal, I will inform ACC.


**Animal Care Centers of NYC**

2336 Linden Boulevard
Brooklyn NY 11208
212-788-4000

## Vet Treatment History

### Owner Details

**Akaniyene Etuk**
1923 McDonald Avenue APT 167
BROOKLYN NY 11223

818 485 9411
818 485 9411

### Animal Details

**Name:** Veilee
**Type:** Dog
**Mixed:** Yes
**Color(1):** Unknown (update later)
**Gender:** Female
**Spayed / Neutered:** Unknown
**Age:** 10 Months

This is to confirm that our records show that the animal described above has had the following vaccinations and treatments administered:

| | Vet Treatment Type | Date Given | Type | Expiration Date | Route Of Admin | Result | Vet | License # |
|---|---|---|---|---|---|---|---|---|
| 1 | Rabies Vaccine | 22-Oct-2022 | Killed | | | | VET-P 991234 | NY-010887 |

| | Vet Treatment Type | Due Date |
|---|---|---|
| 1 | Rabies Vaccine | 22-Oct-2023 |

Vet Signature:

Dr. Michelle Lugones

Date: 10/22/2022 1:19:00 PM



MY ACCOUNT

HANDLER INFO

Akaninyene Etuk
1923 McDonald avenue #161, Brooklyn,
NY, 11223
Email:
polyphonicsystems@gmail.com
Phone: 2735630546

REGISTERED ANIMALS

| | | | |
|---|---|---|---|
| Animal #1: Vixilea | Handler: Akaninyene Etuk | Registration: 1039076694 | |
| Breed: Rottweiler | 1923 McDonald avenue 4767, | Service: Medical Alert | |
| Type: Service Dog | Brooklyn , NY, 11223 | Training Status: My Dog is | |
| | polyphonicsystems@gmail.co | "Trained Service animal" | |
| | m  |  2735630546 | | |

I have heading letter quest.

How to make my dog Servi,

Forgot my registration nu,

Certificate #: U-000010018-F

Page 1 of 2



# BRONX CRIMINAL COURT

**FEE**
Non-Public
Version

265 E 161 Street, Bronx, NY 10451

Court ORI: NY062033J

| | |
|---|---|
| The People of the State of New York | **Certificate of Disposition** |
| vs. | Docket Number: **CR-020431-23BX** |
| **Akaniyene W. Etuk** | |
| | CJTN:    70425074M |
| | NYSID:   16037193M |

Defendant DOB: **01/08/1977**    Arrest Date: **08/30/2023**    Arraignment Date: **09/19/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |
| 2 | PL 140.10 0A BM Crim Trespass 3rd:Enclsd Prop **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |
| 3 | PL 140.05 V Trespass **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |
| 4 | PL 240.20 01 V Dis/Con:Fight/Violent Behavior **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/03/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **January 19, 2024**

Chief Clerk/Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:      _SEE ATTACHED_

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                State              Zip Code

Defendant 2:      _____

First Name                        Last Name

_See ATTACHED_

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                State              Zip Code

_See ATTACHED_

Defendant 3:      _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                State              Zip Code

Page 4

Defendant 4:    _See Attached_

First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_See Attached_

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

SEE ATTACHED

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

SEE ATTACHED

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _08/14/2024_ | _[signature]_ |
| Dated | Plaintiff's Signature |
| _AKANIYENE_ _W_ | _ETUK_ |
| First Name        Middle Initial | Last Name |
| _2402_ _ATLANTIC AVENUE #04_ | |
| Street Address | |
| _BROOKLYN_ | _NY_        _11233_ |
| County, City | State        Zip Code |
| _929 676 -0970_ | |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

_____
Name (Last, First, MI)

_____
Address            City            State            Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                                Signature

Click Here to Save