**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Akaniyene William Etuk, | |
| Plaintiff, | **1:24-cv-04962 (GHW) (SDA)** |
| -against- | **REPORT AND RECOMMENDATION** |
| City of New York et al., | |
| Defendants. | |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GREGORY H. WOODS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a motion by defendants City of New York (the "City") and New York City Police Officer Frias ("Officer Frias" and, together with the City, "Defendants") to dismiss the Second Amended Complaint ("SAC") of Plaintiff Akaniyene William Etuk ("Plaintiff" or "Etuk"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. (Defs.' 8/8/25 Not. of Mot., ECF No. 51.) For the reasons set forth below, it is respectfully recommended that Defendants' motion be GRANTED, and that this action be DISMISSED without granting further leave to amend.

**FACTUAL BACKGROUND[1]**

On the evening of August 30, 2023, while on a train platform with his service dog, Etuk alleges that he was approached and stopped by Officer Frias and other New York City Police ("NYPD") officers "without reasonable suspicion or probable cause." (*See* SAC, ECF No. 47, at 3.)

---

[1] The relevant facts are drawn from Plaintiff's SAC. For purposes of the pending motion to dismiss, the Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in his favor. *See City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017).

During the encounter, Etuk alleges that the officers ignored Americans with Disabilities Act

("ADA") protections and discriminated against him. (*See id.*) According to Etuk, the officers

demanded Etuk show his identification "without justification." (*See id.*) The officers purportedly

used excessive force and injured Etuk before placing him in handcuffs. (*Id.* at 4.) Etuk alleges that

he was falsely arrested and taken to a different location where he was fingerprinted "without

consent or legal justification." (*See id.*)

**PROCEDURAL HISTORY**

On June 24, 2024, Plaintiff filed the Complaint in this action against the NYPD and Officer

Frias. (*See* Compl., ECF No. 1.) On August 16, 2024, the Court entered an Order of Service

dismissing Plaintiff's claims against the NYPD and substituting the City as a defendant.[2] (Order of

Service, ECF No. 8.) Plaintiff filed an Amended Complaint the same day, including attached

exhibits. (Am. Compl., ECF No. 12.) On December 16, 2024, the City filed a Motion to Dismiss the

Amended Complaint, as well as an accompanying memorandum of law. (*See* City 12/16/24 Not.

of Mot., ECF No. 23; City 12/16/24 Mem., ECF No. 24.) Plaintiff filed his response in opposition

on December 30, 2024. (Pl.'s 12/30/24 Opp., ECF No. 28.) The City filed its reply on February 4,

2025. (City Reply, ECF No. 30.) On February 14, 2025, Plaintiff filed an additional opposition. (*See*

Pl.'s 2/14/25 Opp., ECF No. 33.)

On March 5, 2025, Officer Frias filed his Motion to Dismiss with an accompanying

memorandum of law. (*See* Frias 3/5/25 Not. of Mot., ECF No. 36; Frias 3/5/25 Mem., ECF No. 38.)

In response, Plaintiff filed three oppositions and an affidavit. (Pl.'s 3/21/25 Opps., ECF Nos. 40-

---

[2] "[T]he NYPD is a non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)*.*

42; Pl.'s 3/21/25 Aff., ECF No. 43.) On April 7, 2025, Officer Frias filed a reply to Plaintiff's opposition papers. (Frias 4/7/25 Reply, ECF No. 44.)

On June 7, 2025, in a Report and Recommendation to District Judge Woods, the Court recommended that Defendants' motions to dismiss be granted and that Plaintiff be given leave to amend only as to certain claims. *See Etuk v. City of New York*, No. 24-CV-04962 (GHW) (SDA), 2025 WL 1785958, at *11 (S.D.N.Y. June 7, 2025). Specifically, the Court recommended that Plaintiff be given leave to replead his claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants, as well as his claim brought under the ADA against the City. *See id*.

With respect to Plaintiff's Section 1983 claim regarding the Right to Travel (Count I of the Amended Complaint), the Court found that Plaintiff had not alleged any facts to show how his arrest on the train platform amounted to a restriction on his right to travel, and therefore the Court recommended that Count I be dismissed. *See Etuk*, 2025 WL 1785958, at *4. With respect to Plaintiff's Section 1983 claim regarding the Right to Privacy (Count II of the Amended Complaint), the Court found that Plaintiff did not provide any allegations that he had a legitimate expectation of privacy, and did not include facts to infer such an expectation, and therefore the Court recommended that Count II be dismissed. *See id*. With respect to Plaintiff's Section 1983 claim regarding Excessive Force (Count V of the Amended Complaint), the Court found that Plaintiff did not allege any facts that his alleged injury was more than temporary discomfort, and therefore the Court recommended that Count V be dismissed. *See id*. at *5. With respect to Plaintiff's Section 1983 claim regarding Unlawful Transport and Processing (Count VI of the Amended Complaint), which the Court construed as a false arrest claim, the Court found that

3

Plaintiff did not plead any facts regarding the circumstances of his arrest, and therefore the Court recommended that Count VI be dismissed. *See id*.

With respect to Plaintiff's Section 1983 claims against Officer Frias, the Court also found that Plaintiff did not adequately plead any personal involvement that Officer Frias had in the incident, and therefore the Court recommended that such claims be dismissed on that basis as well. *See Etuk*, 2025 WL 1785958, at *7. With respect to Plaintiff's Section 1983 claims against the City, the Court also found that Plaintiff had not shown that the alleged conduct was the result of a City custom or policy, and therefore the Court recommended that such claims be dismissed on that basis as well. *See id*. at *6.

With respect to Plaintiff's ADA claim, the Court found that Plaintiff had not sufficiently pled how the Defendants wrongfully arrested or failed to reasonably accommodate him. *See Etuk*, 2025 WL 1785958, at *10. Therefore, the Court recommended that Plaintiff's ADA claim be dismissed. *See id*.

The Court stated the following with respect to Plaintiff's Section 1983 and ADA claims: "Because the Court cannot rule out the possibility that Plaintiff successfully may plead Section 1983 claims against Defendants and an ADA claim against the City in a Second Amended Complaint, the Court recommends granting Plaintiff leave to amend such claims." *See id*. at *11. However, the Court recommended that Plaintiff's remaining claims be dismissed without leave to replead. *See id*. at *10-11.

Plaintiff did not file any objections to this Court's June 7, 2025 Report and Recommendation. On June 27, 2025, District Judge Woods adopted the Report and Recommendation in the entirety. *See Etuk v. City of New York*, No. 24-CV-04962 (GHW) (SDA),

4

2025 WL 1784813 (June 27, 2025). Judge Woods directed that Plaintiff file a second amended complaint within 30 days. *See id.* at *1.

On July 11, 2025, Plaintiff filed his SAC. (*See* SAC.) The SAC includes a Section 1983 claim alleging a violation of the right to travel (Count I), a Section 1983 claim alleging a violation of the right to privacy (Count II), a Section 1983 claim alleging excessive force (Count III) and an ADA claim against the City (Count IV). (*See* SAC at 4-5.) However, Plaintiff does not plead any new facts that were not contained in his previously dismissed Amended Complaint. (*Compare* Am. Compl. at 3-4 *with* SAC at 3-4.)

On August 8, 2025, Defendants filed their motion to dismiss the SAC that is now before the Court. (*See* Defs.' 8/8/25 Not. of Mot.) In the notice of motion, Defendants indicated that the parties had agreed to a proposed briefing schedule in which Plaintiff was to serve his opposition papers on or before September 8, 2025. (*See id.*) On September 12, 2025, since no opposition had been filed by Plaintiff to Defendants' pending motion, the Court extended the deadline to respond until October 3, 2025. (*See* 9/12/25 Order, ECF No. 54.) The September 12 Order reminded Plaintiff that the Federal Pro Se Legal Assistance Project run by the City Bar Justice Center ("CBJC") provided free, limited-scope legal services to self-represented parties in civil cases and that CBJC might be able to assist Plaintiff in responding to the motion to dismiss. (*See id*. at 1.) The September 12 Order also stated: "If Plaintiff does not file his opposition to the Motion to Dismiss, the Court will consider the Motion as unopposed." (*Id.*)

On October 8, 2025, since Plaintiff once again had failed to file any opposition to the motion to dismiss, the Court extended the deadline until October 22, 2025. (*See* 10/8/25 Order, ECF No. 56.) The October 8 Order also stated: "If Plaintiff does not file any opposition to the

motion to dismiss, the Court will make its recommendation regarding Defendants' motion to dismiss based upon the existing record." (*Id.*)

To date, Plaintiff has failed to respond to the motion to dismiss. Accordingly, the recommendation made herein is based upon the existing record.

## LEGAL STANDARDS

A complaint need only contain "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In deciding a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Where, as here, a plaintiff is proceeding *pro se*, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429

6

U.S. 97, 106 (1976)). Complaints filed by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, a *pro se* plaintiff "must still plead enough facts to state a claim to relief that is plausible on its face." *Owens v. City of New York*, No. 14-CV-00966 (KBF), 2015 WL 715841, at \*1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Moreover, *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

The Amended Complaint previously was dismissed based upon this Court's June 7, 2025 Report and Recommendation. In the SAC, Plaintiff has made no effort to cure his pleading deficiencies. Indeed, as noted earlier, the SAC contains fewer facts than the Amended Complaint. Accordingly, the Court recommends that the SAC be dismissed for the same reasons that the Amended Complaint was dismissed.

In addition, the Court recommends that Plaintiff not be granted leave to file a third amended complaint. "Generally, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." *Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 308 (S.D.N.Y. 2022), *aff'd*, No. 22-2505-cv, 2023 WL 8708417 (2d Cir. Dec. 18, 2023).

Here, the Court's June 7, 2025 Report and Recommendation provided Plaintiff with notice of the deficiencies in the Amended Complaint that needed to be corrected in the SAC and Plaintiff received an opportunity to correct those deficiencies. However, he failed to do so.

In addition, Defendants' memorandum in support of their motion to dismiss the SAC sets forth various deficiencies in the SAC. (*See* Defs.' 8/8/25 Mem., ECF No. 52, at 4-11.) Yet, Plaintiff has filed no opposition to the motion, and thus has failed to argue why the SAC is not deficient. In these circumstances, this action should be dismissed with prejudice and without further leave to amend. *See Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022) (dismissing *pro se* complaint with prejudice after plaintiff failed to correct deficiencies after he was granted leave to amend).

## CONCLUSION

For the reasons set forth above, it is respectfully recommended Defendants' motion to dismiss the SAC be GRANTED. It is further recommended that this action be dismissed with prejudice.

Dated:       November 25, 2025
             New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

                    *            *            *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's

objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Woods.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).